# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

The Trustees of the Minnesota State Basic Building Trades Fringe Benefit Funds,

Plaintiffs,

vs.

Green Masonry, Inc., a Minnesota corporation, and John D. Green,

Defendants.

Civil File No. CV 01-72 MJD/JGL

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER**

Rosene, Haugrud & Staab, Chartered, by ANDREW E. STAAB, Esq., of St. Paul, Minnesota, appeared for Plaintiffs.

____________________________________________, appeared for Defendants.

This matter came on for hearing before the Court on April 20, 2001, on Plaintiffs' motion for entry of Defendants' default, for default judgment.

Upon all files, records and proceedings herein, the Court makes the following:

## FINDINGS OF FACT

1. The Defendants were served with the Summons and Complaint in the present action on January 22, 2001.

2. That Defendant John D. Green is neither an infant nor an incompetent person.

3. That Defendants have failed to Answer, or otherwise defend, and are in default.

FILED__________
FRANCIS E. DOSAL, CLERK
JUDGEMENT ENT'D__________
DEPUTY CLERK __________

4. Defendants are signatory to Independent Agreements which bind Defendants to the Collective Bargaining Agreements between the Minneapolis and St. Paul Builders Division, Associated General Contractors of Minnesota, the Minnesota Concrete and Masonry Contractors Association, and the following labor unions:

   a. Bricklayers and Allied Craftworkers Union Local No. 1 of Minnesota and;

   b. Laborers District Council of Minnesota and North Dakota and its affiliated local unions.

5. Pursuant to the Independent and above-referenced Collective Bargaining Agreements, Defendants are obligated to submit to Plaintiffs' Third-Party Administrator ("TPA") monthly fringe benefit contribution Report Forms indicating the fringe benefit contribution payment amounts due for the prior month.

6. Plaintiffs' TPA conducts periodic fringe benefit compliance audits to determine the veracity of employer monthly reporting of fringe benefit contribution payments.

7. On or before January 2, 2001, Plaintiffs' TPA conducted a fringe benefit compliance audit of Defendants' books and records.

8. The fringe benefit compliance audit summary shows under-reported and unpaid fringe benefit contributions to Plaintiffs through November 30, 2000, in the amount of $23,522.56, plus liquidated damages in the amount of $2,352.26, for a subtotal of $25,874.82.

9. That Plaintiffs face irreparable harm from Defendants' delinquency because they have a continuing obligation to provide benefits regardless of whether Defendants submit the fringe benefit contribution payments.

10. That Plaintiffs' continuing harm outweighs any prejudice to Defendants resulting from the issuance of an Injunction.

11. That Plaintiffs have no adequate remedy at law as a result of their continuing obligation to provide such benefits.

12. That issuing an Injunction will serve the public interest by protecting employees, pursuant to the Collective Bargaining Agreements, and ERISA.

Based on its review, the Court reaches the following:

**CONCLUSIONS OF LAW**

1. That Plaintiffs' motion for entry of Defendants' default and for interim default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure is granted.

2. That Plaintiffs are entitled to an Injunction in the form of the separately attached Injunction.

3. That Plaintiffs are not required to provide security in seeking injunctive relief pursuant to Rule 65(c) of the Federal Rules of Civil Procedure, because Defendants will not be harmed by the issuance of the requested Injunction.

Based on the foregoing, IT IS HEREBY ORDERED:

**ORDER**

1. That Defendants are in default, and Plaintiffs are entitled to interim judgment against Defendants, jointly and severally, for delinquent fringe benefit contribution payments in the amount of $23,522.56, together with interest, liquidated damages in the amount of $2,352.26, audit fees in the amount of $930.00, attorney fees in the amount of $900.00, and costs in the amount of $183.00 for a total of $27,887.82.

2. Plaintiffs' motion for injunctive relief is granted under the terms set forth in the attached Injunction, and Plaintiffs are not required to provide security under Federal Rule 65(c).

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: April 20, 2001

Michael J. Davis
United States District Judge

H:\LABOR\6000_6080 BRICKLAYERS\6041.47 GREEN MASONRY, INC\DOCS\FIND & ORDER.DOC
dmm

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information must be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*

Forms/8thcircuitprehearingconf.wpd

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.